THE CORPORATION FOR THE RELIEF OF POOR CHILDREN OF THE
CITY OF NEW BRUNSWICK, NEW JERSEY,

*v..*

JOHN L. EDEN, executor, &c., et al.

[Filed November 29th, 1901.]

1. In an action submitted on bill, answer and replication, the bill alleged
that complainant, as mortgagee, foreclosed its mortgage executed by de-
fendant's testatrix, and sold the premises, leaving a deficiency of $1,100;
that the premises were depreciated in value by reason of a fire which
occurred while the mortgage was in force, and for which the mortgagor
recovered and collected $482 damages from the railroad company which
negligently caused the fire; that a part of the sum so collected was
deposited in defendant's savings bank, where it still remains, and part
delivered to the defendant's (testatrix's) husband. The answer admitted all
the allegations, except that the premises were depreciated in value by the
fire.—*Held*, that the allegations of the bill so admitted by the answer
showed *prima facie* the depreciation of the land to the extent of the
damages recovered by the mortgagor from the railroad company.

2. In an action, submitted on bill, answer and replication, the bill, to recover
money collected by the mortgagor for damage to mortgaged property by a
fire negligently started by another, on the ground that the mortgaged
property, which had been sold, leaving a deficiency, was depreciated by
such fire, the verified answer denied that the property was depreciated
in value by the fire, and alleged that the depreciation was owing to the
fall in value of such and all similar property.—*Held*, that a replication
being filed, such answer, though responsive, had the effect of evidence only
in relation to facts which were within the personal knowledge of the
defendants, and hence such denial and allegations did not overcome the
*prima facie* case of depreciation, to the extent of the damages recovered,
made by complainant's bill.

Heard on bill, answer and replication.

*Mr. John E. Voorhees,* for the complainant.

*Mr. Freeman Woodbridge,* for the defendants.

EMERY, V. C.

The right of complainant to recover on the facts stated in its bill was considered and determined on the demurrer, which was overruled. *46 Atl. Rep. 717.* The case now comes on to be heard on bill, answer and replication without proofs. The answer admits all the material facts stated in the bill, except the allegation that the destruction by fire of the timber upon the mortgaged premises greatly depreciated and injured the mortgaged security of complainant. As to this, the answer denies "that by reason of the said fire the mortgage security was greatly depreciated and injured," and also denies "that the complainant or the mortgage security suffered any damage by reason of said fire," and further alleges that between the year 1892, when the fire took place, and the year 1899, when the foreclosure sale on the mortgage occurred, leaving a deficiency of over one thousand one hundred dollars, the mortgaged premises became greatly reduced in value, not by reason of the fire, for which damages ($482.96) were recovered, but by reason of the depreciation of land of that character in the vicinity; and that the deficiency arose, not by reason of the fire or damage therefrom, but by the depreciation in the value of the land. No proofs upon the issue made by the bill, answer and replication, as to the depreciation of the mortgaged premises, have been produced on either side, and the sole question to be determined is whether the facts set forth in the bill and admitted in the answer are sufficient *prima facie* proof of depreciation of the security by reason of the fire, to put upon defendant the burden of overcoming their effect. The facts relied on and admitted are that the mortgaged premises, at foreclosure sale, in January, 1900, were sold for $1,200, leaving a deficiency of over one thousand one hundred dollars. The price brought at foreclosure sale of mortgaged premises may be some evidence as to the value at the time of sale, and this has been held to be its effect in a case where the question was raised, in reference to a sale occurring within a month of the fire. *Schalk* v. *Kingsley, 13 Vr. 32, 37 (1880).* The price brought at foreclosure sale in 1900 must either be held to furnish no legal evidence whatever as to the value in 1892,

and not to be admissible for that purpose, or it must be held as furnishing some evidence, subject to the effect of evidence of value at times near the date in question. The scope, in time, of the evidence as to value of lands, rests largely on the discretion of the trial court, and unless the evidence of value offered is so remote from the period of injury as to be altogether inadmissible upon the question of value, it should be received and be considered for what it is worth. My opinion is, that in this case, the price brought at foreclosure is entitled to consideration, as having some bearing or weight as evidence on the question of the value of the premises, after the timber was destroyed by fire, and as the loss to the property by the fire was fixed by the judgment at $842.96, these facts are evidence to some extent that the security was depreciated by the fire. And in the absence of any evidence by the defendant to countervail its effect, the court would be entitled to find that the security was depreciated to the whole extent of the loss found to have been caused by the fire.

It is insisted by defendant's counsel that the answer alleging that the mortgage security of complainant was not impaired by the destruction of the timber, but was depreciated by the fall in value of the property, is responsive to complainant's allegation that a depreciation was caused by the fire, and the responsive answer must therefore, in a hearing on bill, answer and replication, be taken as true where the answer is called for under oath.

But an answer, although responsive, is not necessarily on that account evidence for the defendant, and where a replication has been filed the responsive answer only has this effect in relation to facts which are within the personal knowledge of the defendant. *Lawrence* v. *Lawrence, 6 C. E. Gr. 317, 319 (Chancellor Zabriskie, 1871).* And where defendant's responsive answer is founded on hearsay, his answer is not evidence for him. *Stevens* v. *Post, 1 Beas. 408, 414; affirmed on appeal, 1 Beas. 422 (Errors and Appeals, 1858).* The whole effect of the denial was therefore to require complainant to sustain the issue on his part by the facts alleged in the bill and admitted in the answer to be supplemented if necessary by the proofs. The facts alleged above are, as I find, *prima facie* evidence to support the allega-

tion, and the case having been upon both sides submitted, without further evidence on the point, I find that it is sufficient to entitle complainant to a decree, that the mortgaged security was depreciated by the fire to the extent of the amount recovered, and that the complainant is therefore, for the reasons given in the opinion filed on overruling the demurrer, entitled to the relief prayed, and a decree to that effect will be advised.